FILED
CLERK'S OFFICE
DEC -1 A 8:52
U.S. DISTRICT COURT
DISTRICT OF MASS

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.

03-30288-KPN

| | |
|---|---|
| STEVEN J. SANTORE, SR., Plaintiff, v. STEVEN V. COONS and DALTON HEALTH GROUP, LLC, Defendants. | ) |

FILING FEE PAID:
RECEIPT # 305429
AMOUNT $ 150.00
BY DPTY CLK MGL
DATE 12/1/03

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§1441, 1446 and Fed.R.Civ.P. 81(c), defendant, Dalton Health Group, LLC ("DHG"), hereby removes this action, which is currently pending in the Massachusetts Superior Court Department of the Trial Court, Berkshire County, Civil Action No. BECV2003-00226, to the United States District Court For the District of Massachusetts. As reasons therefore, DHG states the following:

1. This Notice of Removal is being filed within thirty (30) days of DHG's receipt of the attached Complaint and Jury Demand on or about October 27, 2003.

2. This Court has subject matter jurisdiction over this action based upon diversity of citizenship pursuant to 28 U.S.C. §1332(a)(2) and the fact that the amount or value in controversy exceeds the statutory limit of Seventy-Five Thousand Dollars ($75,000) under 28 U.S.C. §1332(b). Specifically, the plaintiff, Steven J. Santore, Sr., is now and was at the time of commencement of this action, a resident at 74 White Road, Ballston Spa, New York 12020-2118, and the corporate defendant, DHG, is now, and was at the commencement of this action, a citizen of

Massachusetts, with a place of business at 254 Main Street, Dalton, Massachusetts. The co-defendant, Steven V. Coons, also is now, and was at the commencement of this action, a citizen of Massachusetts, with a place of residence at 400 South Street, Pittsfield, MA 01201. The amount or value in controversy exceeds Seventy-Five Thousand Dollars ($75,000) for the alleged negligence of the defendants.

3. Written notice of the filing of this Notice of Removal will be given to all adverse parties and to the Clerk of the Berkshire Superior Court as required by law.

4. Copies of the Summons, Complaint, and Civil Action Cover Sheet served upon DHG from the state court action are attached hereto as Exhibit A.

For the foregoing reasons, defendant, Dalton Health Group, LLC removes this action to this Court.

Respectfully Submitted,

DALTON HEALTH GROUP, LLC,

By its attorneys,

Michael Bernardo

Thomas E. Peisch BBO# 393260
Michael R. Bernardo BBO#648310
Conn Kavanaugh Rosenthal Peisch & Ford, LLP
Ten Post Office Square
Boston, MA 02109
(617) 482-8200

DATED: November 26, 2003

188153.1

**CERTIFICATE OF SERVICE**

I, Michael R. Bernardo, hereby certify that on this date I served a copy of the foregoing Notice of Appearance on all parties by mailing a copy thereof, postage prepaid, to:

Mitchell I. Greenwald, Esq.
29 Wendell Avenue
Pittsfield, MA 01201

Dennis R. Anti, Esq.
1500 Main Street
Suite 2400
Springfield, MA 01115

Michael R. Bernardo, Esq.

DATED: November 26, 2003

188165.1

Case 3:03-cv-30288-MAP    Document 1    Filed 12/01/2003    Page 4 of 10

COPY

# Commonwealth of Massachusetts

BERKSHIRE, ss.

SUPERIOR COURT
CIVIL ACTION
No. 03-226

A TRUE COPY ATTEST: RONALD J. MARCELLA, DEPUTY SHERIFF, BERKSHIRE COUNTY
DATE OF SERVICE 10/27/03

Steven J. Santore, Sr., Plaintiff(s)

v.

Steven V. Coons, and
Dalton Health Group, LLC, Defendant(s)

## SUMMONS

To the above-named Defendant: Dalton Health Group, LLC; 265 Main Street; Dalton, MA 01226

You are hereby summoned and required to serve upon Mitchell I. Greenwald, plaintiff's attorney, whose address is 29 Wendell Avenue, Pittsfield, MA 01201, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Pittsfield either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, ROBERT L. STEADMAN, Esquire at Pittsfield, the 27th day of October, in the year of our Lord ~~one thousand nine hundred and~~ 2003.

Deborah S. Capeless
CLERK.

NOTICE TO DEFENDANT—You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES.

1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED

(1) – TORT – (2) MOTOR VEHICLE TORT – (3) CONTRACT – (4) – EQUITABLE RELIEF – (5) – OTHER

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on ............................................, 19 ......., I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5):

..........................................................................................................

..........................................................................................................

..........................................................................................................

Dated: ..............................., 19........ ..........................................................

**N.B. TO PROCESS SERVER:—**

PLEASE PLACE **DATE** YOU MAKE SERVICE ON DEFENDANT IN THIS BOX **ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.**

| , 19 . |
|---|

COMMONWEALTH OF MASSACHUSETTS

BERKSHIRE, ss.

SUPERIOR COURT
CIVIL ACTION
No. 03-226

Steven J. Santore, Sr., Plff(s).

v.

Steven V. Coons, and Dalton Health Group, LLC, Deft(s).

**SUMMONS**
(Mass. R. Civ. P. 4)



COMMONWEALTH OF MASSACHUSETTS

BERKSHIRE, SS.

SUPERIOR COURT
C. A. 03-226

STEVEN J. SANTORE, SR.,
Plaintiff

v.

STEVEN V. COONS, and DALTON HEALTH GROUP, LLC.
Defendants

COMPLAINT AND JURY DEMAND

1. This is an action for personal injuries arising out of an automobile accident.

**PARTIES**

2. Plaintiff Steven J. Santore, Sr. resides at 74 White Road, Ballston Spa, New York 12020-2118.

3. Defendant Steven V. Coons resides or did reside at 400 South Street, Pittsfield, Massachusetts 01201.

4. Defendant Dalton Health Group, LLC ("DHC"), is a Massachusetts limited liability company which does business as Craneville Place of Dalton at 265 Main Street, Dalton, Massachusetts.

**FACTS**

5. On August 2, 2000, plaintiff, a driver for Roadway Express, was assigned to make a delivery at the Dalton facility of defendant DHC. When he arrived at the said facility, it was clear to him that his truck would not be able to access the driveway, and he had been given no alternative delivery instructions. Accordingly, he stopped in front of the facility, taking all reasonable safety precautions, got out of the truck, and went to the rear of the truck to unload the goods.

6. While stepping down from the rear of his truck while preparing to unload, plaintiff was struck by a vehicle owned and operated by defendant Coons.

7. As a result of said collision, plaintiff has incurred medical expenses in an amount exceeding $17,538.00. He has suffered lost earnings in the amount of at least $32,935.00. He has suffered continued pain of body and mind and continued disability, and may need further surgery.

## CLAIMS

8. The said injuries and damages were caused in part by the negligence of the defendant Coons in operating his motor vehicle.

9. The said injuries and damages were caused in part by the negligence of the defendant DHC in not providing and communicating a location and method for delivery of goods which was reasonably safe for the driver of the delivery vehicle.

**WHEREFORE PLAINTIFF PRAYS:**

1. That the Court award his damages to compensate him for his losses.
2. That the Court award such other relief as is just and equitable.
3. **PLAINTIFF DEMANDS A TRIAL BY JURY.**

MITCHELL I. GREENWALD
Attorney for Plaintiff
Katz, Murphy & Greenwald
A Professional Corporation
29 Wendell Avenue
Pittsfield, MA 01201
(413) 443-5957
BBO#: 542032

MIG:ob:L:\LIT\SANTORE\COMPLAIN.WPD

# CIVIL ACTION COVER SHEET

Trial Court of Massachusetts
Superior Court Department
County:

PLAINTIFF(S): STEVEN J. SANTORE

DEFENDANT(S): STEVEN COONS and DALTON HEALTH GROUP, LLC

ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE (413) 443-5957
Mitchell I. Greenwald
Katz, Murphy & Greenwald
29 Wendell Avenue, Pittsfield, MA 01201
Board of Bar Overseers number: 542032

ATTORNEY (if known)

**Origin code and track designation**

Place an x in one box only:

- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

**TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B03 | Motor vehicle negligence-Personal Injury | (F) | ( X ) Yes ( ) No |

**The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.**

**TORT CLAIMS**
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses .......... $ 6,190.00
2. Total Doctor expenses .......... $ 2,969.00
3. Total chiropractic expenses .......... $
4. Total physical therapy expenses .......... $ 3,016.00
5. Total other expenses (describe) Miscellaneous Medical Expenses .......... $ 5,363.00

Subtotal $ 17,538.00

B. Documented lost wages and compensation to date .......... $ 32,935.00
C. Documented property damages to date .......... $
D. Reasonably anticipated future medical and hospital expenses .......... $
E. Reasonably anticipated lost wages .......... $
F. Other documented items of damages (describe) $

G. Brief description of plaintiff's injury, including nature and extent of injury (describe)
Left knee injury, including pre-patellar cyst (surgically removed) and chondromalacia of medial femoral condyle; lumbar and left hip injury. $

TOTAL $ 50,473.00

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

TOTAL $. ..........

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT None

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record [signature] DATE: 9/8/03

AOTC-6 mtc005-11/99

# CIVIL ACTION COVER SHEET
## INSTRUCTIONS

### SELECT CATEGORY THAT BEST DESCRIBES YOUR CASE

**CONTRACT**

| Code | Description | Track |
|---|---|---|
| A01 | Services, labor and materials | (F) |
| A02 | Goods sold and delivered | (F) |
| A03 | Commercial Paper | (F) |
| A08 | Sale or lease of real estate | (F) |
| A12 | Construction Dispute | (A) |
| A99 | Other (Specify) | (F) |

**TORT**

| Code | Description | Track |
|---|---|---|
| B03 | Motor Vehicle negligence-personal injury/property damage | (F) |
| B04 | Other negligence-personal injury/property damage | (F) |
| B05 | Products Liability | (A) |
| B06 | Malpractice-medical | (A) |
| B07 | Malpractice-other(Specify) | (A) |
| B08 | Wrongful death,G.L.c.229,s2A | (A) |
| B15 | Defamation (Libel-Slander) | (A) |
| B19 | Asbestos | (A) |
| B20 | Personal Injury-Slip&Fall | (F) |
| B21 | Environmental | (A) |
| B22 | Employment Discrimination | (F) |
| B99 | Other (Specify) | (F) |

**REAL PROPERTY**

| Code | Description | Track |
|---|---|---|
| C01 | Land taking (eminent domain) | (F) |
| C02 | Zoning Appeal, G.L. c.40A | (F) |
| C03 | Dispute concerning title | (F) |
| C04 | Foreclosure of mortgage | (X) |
| C05 | Condominium lien and charges | (X) |
| C99 | Other (Specify) | (F) |

**EQUITABLE REMEDIES**

| Code | Description | Track |
|---|---|---|
| D01 | Specific performance of contract | (A) |
| D02 | Reach and Apply | (F) |
| D06 | Contribution or Indemnification | (F) |
| D07 | Imposition of Trust | (A) |
| D08 | Minority Stockholder's Suit | (A) |
| D10 | Accounting | (A) |
| D12 | Dissolution of Partnership | (F) |
| D13 | Declaratory Judgment G.L.c.231A | (A) |
| D99 | Other (Specify) | (F) |

**MISCELLANEOUS**

| Code | Description | Track |
|---|---|---|
| E02 | Appeal from administrative Agency G.L. c. 30A | (X) |
| E03 | Action against Commonwealth Municipality, G.L. c.258 | (A) |
| E05 | All Arbitration | (X) |
| E07 | c.112,s.12S (Mary Moe) | (X) |
| E08 | Appointment of Receiver | (X) |
| E09 | General contractor bond, G.L. c.149,s.29,29a | (A) |
| E11 | Workman's Compensation | (X) |
| E14 | Chapter 123A Petition-SDP | (X) |
| E15 | Abuse Petition, G.L.c.209A | (X) |
| E16 | Auto Surcharge Appeal | (X) |
| E17 | Civil Rights Act, G.L.c.12,s.11H | (A) |
| E18 | Foreign Discovery proceeding | (X) |
| E96 | Prisoner Cases | (F) |
| E97 | Prisoner Habeas Corpus | (X) |
| E99 | Other (Specify) | (X) |

**TRANSFER YOUR SELECTION TO THE FACE SHEET.**

EXAMPLE:

| CODE NO. | TYPE OF ACTION (SPECIFY) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | (F) | [X] Yes [ ] No |

### SUPERIOR COURT RULE 29

**DUTY OF THE PLAINTIFF.** The plaintiff or his/her counsel shall set forth, on the face sheet (or attach additional sheets as necessary), a statement specifying in full and itemized detail the facts upon which the plaintiff then relies as constituting money damages. A copy of such civil action cover sheet, including the statement as to the damages, shall be served on the defendant together with the complaint. If a statement of money damages, where appropriate is not filed, the Clerk-Magistrate shall transfer the action as provided in Rule 29(5)(C).

**DUTY OF THE DEFENDANT.** Should the defendant believe the statement of damages filed by the plaintiff in any respect inadequate, he or his counsel may file with the answer a statement specifying in reasonable detail the potential damages which may result should the plaintiff prevail. Such statement, if any, shall be served with the answer.

**A CIVIL ACTION COVER SHEET MUST BE FILED WITH EACH COMPLAINT, BUFF COLOR PAPER.**

**FAILURE TO COMPLETE THIS COVER SHEET THOROUGHLY AND ACCURATELY MAY RESULT IN DISMISSAL OF THIS ACTION.**