UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 03-CV-30288-KPN

STEVEN J. SANTORE, SR., )
)
    Plaintiff, )
)
V. )
)
STEVEN V. COONS and )
DALTON HEALTH GROUP, LLC, )
)
    Defendants, )

**MEMORANDUM IN SUPPORT OF DEFENDANT, DALTON HEALTH GROUP, LLC'S, MOTION TO DISMISS THE COMPLAINT OF PLAINTIFF, STEVEN J. SANTORE, SR., FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

### Introduction

Pursuant to Fed.R.Civ.P. 12(b)(6), Defendant Dalton Health Group, LLC ("Dalton") submits this memorandum in support of its motion to dismiss the Complaint of Plaintiff, Steven J. Santore, Sr. ("Santore") for failure to state a claim upon which relief can be granted. As grounds, Dalton states that Santore has failed to allege facts sufficient to entitle him to relief under a negligence theory of liability. Specifically, Santore has failed to show that Dalton owed him a legal duty, that Dalton breached such a duty or that such alleged breach proximately caused his injuries.

### Facts

Santore instituted this negligence action in the Massachusetts Superior Court in Berkshire County on August 1, 2003 to recover for certain injuries he sustained when he was struck by a vehicle operated by co-defendant Steven V. Coons ("Coons") in front of Dalton's place of

business in Dalton, Massachusetts three years earlier.[1] Dalton removed the action to this Court on November 26, 2003 in accordance with the provisions of 28 U.S.C. §§1441, 1446, and Fed.R.Civ.P. 81(c).

In his Complaint, Santore alleges that on August 2, 2000 he was working as a delivery driver for Roadway Express and was assigned to make a delivery at Dalton's facility. See Complaint, ¶ 5. Santore further alleges that when he arrived at the facility, "it was clear to him that his truck would not be able to access the driveway, and [that] he had been given no alternative delivery instructions." Id. As a result, "he stopped in front of the facility; taking all reasonable safety precautions, got out of the truck, and went to the rear of the truck to unload the goods." Id. Santore alleges that while stepping down from the rear of the truck to unload the goods, he was struck by Coons' vehicle. See id., ¶ 6. Santore asserts that his injuries were caused in part by Dalton's negligent failure to provide and communicate a location and method for delivery of goods which was reasonably safe for him.

Santore's factual allegations fail to state a colorable negligence claim against Dalton as a matter of law, because he has not alleged sufficient facts to show that Dalton owed him a legal duty of care that it breached, or that such an alleged breach proximately caused the injuries he suffered, when struck by Coons' vehicle. Therefore, Dalton is entitled to judgment as a matter of law and Santore's complaint should be dismissed accordingly.

## **Argument**

In considering a motion to dismiss for failure to state a claim upon which relief can be granted under Fed.R.Civ.P. 12(b)(6), the Court must view the facts alleged in the Complaint in the light most favorable to the plaintiff but may dismiss a Complaint if "it appears beyond doubt that the plaintiff can prove no set of facts which would entitle [him] to relief." Conley v. Gibson,

---

[1] It appears that Santore filed suit a day or two before the statute of limitations would have expired.

2

355 U.S. 41, 45-46 (1957); Gooley v. Mobil Oil Corp., 851 F.2d 513, 514 (1st Cir. 1988). Because this case has been removed to this Court as a result of the Court's diversity jurisdiction, Massachusetts substantive law applies to Santore's negligence claims. See Wehringer v. Power & Hall, P.C., 874 F.Supp. 425, 427 (D.Mass. 1995), citing Erie R.R. v. Tompkins, 304 U.S. 64, (1938).

It is axiomatic that before liability for negligence can be imposed, there must first be a legal duty owed by the defendant to the plaintiff, and a breach of that duty proximately resulting in injury. See Eipp v. Jiminy Peak, Inc., 154 F.Supp.2d 110, 113 (D.Mass. 2001)(In applying Massachusetts law, this Court ruled that "[i]t is elementary that there can be no liability in negligence in the absence of a legal duty to the plaintiff."); Davis v. Westwood Group, 420 Mass. 739, 742-43, 652 N.E.2d 567, 569 (1995); Little v. Lynn & Marblehead Real Estate Co., 301 Mass. 156, 160, 16 N.E.2d 688, 691 (1938)("in the absence of some act or omission in violation of a legal duty there can be no negligence."). "Whether such a duty exists is a question of law." See Davis, 420 Mass. at 743, 652 N.E.2d at 569; Wallace v. Wilson, 411 Mass. 8, 12, 575 N.E.2d 1134, 1136 (1991).

It is well established that an owner or possessor of land owes a common law duty of reasonable care to all lawful visitors. See Sullivan v. Brookline, 416 Mass. 825, 827, 626 N.E.2d 870, 872 (1994), citing Mounsey v. Ellard, 363 Mass. 693, 707, 297 N.E.2d 43, 51 (1973). This duty includes an obligation to maintain the premises in reasonably safe condition and to warn visitors of any unreasonable dangers of which the landowner is aware or reasonably should be aware. See Davis, 420 Mass. at 743, 652 N.E.2d at 569-70. The duty of reasonable care, however, "does not make landowners and occupiers insurers of their property nor does it impose unreasonable maintenance burdens." Aylward v. McClosky, 412 Mass. 77, 80, 587 N.E.2d 228,

3

230 (1992). As a corollary, "the mere occurrence of an accident, . . . without more, is insufficient evidence of negligence." Osborne v. Hemingway Transport, Inc., 28 Mass.App.Ct. 944, 945, 550 N.E.2d 403, 405 (1990).

The First Circuit recently examined the scope of a landowner's duty of reasonable care to an invitee under Massachusetts law, explaining that the "touchstone is ordinary prudence – and the critical question becomes 'whether . . . in view of all the circumstances, an ordinary prudent person in the defendant's position would have taken steps, not taken by the defendant, to prevent the accident that occurred.'" Fithian v. Reed, 204 F.3d 306, 309 (1st Cir. 2000), *quoting* Toubiana v. Priestly, 402 Mass. 84, 88-89, 520 N.E.2d 1307, 1310 (1988). The First Circuit concluded that "[i]n most cases (though not always), this question correlates with the foreseeability of the risk of harm, for the more foreseeable the injury, the higher society's expectations that reasonable people would take precautions." Id., *citing* Whittaker v. Saraceno, 418 Mass. 196, 200, 635 N.E.2d 1185, 1188-89 (1994)(holding that society should not place the burden of preventing a violent crime on a property owner without proof that the owner knew or should have known of danger and possible preventative steps, even though crime is always possible and to a certain extent foreseeable).

The Massachusetts courts also have stated unequivocally that the scope of a landowner's duty of care to invitees is defined by the foreseeability of the risk of harm. "The court will not hold the defendant liable for all possible injuries no matter how remote or farfetched. The cause of injury must be reasonably foreseeable. There is no duty owed when the risk which results in the plaintiff's injury is not one which could be *reasonably* anticipated by the defendant." Glick v. Prince Italian Foods of Saugus, Inc., 25 Mass.App.Ct. 901, 902, 514 N.E.2d 100, 102 (1985)(Rescript)(Emphasis added.); Polak v. Whitney, 21 Mass.App.Ct. 349, 353-54, 487

4

N.E.2d 213, 216 (1985). See generally Fithian, 204 F.3d at 310-11 ("where . . . a landowner had no feasible opportunity to remove the instrument of injury that was brought . . . by a third party, she cannot be held liable for an ensuing injury.").

In this case, Santore does not allege that Dalton failed to maintain its property in a reasonably safe condition or failed to warn him of unreasonable dangers on the property of which Dalton was or should have been aware. See Davis, 420 Mass. at 743, 652 N.E.2d at 569-70. Since the accident took place on the roadway, Santore could not credibly make any such claim. Rather, Santore alleges that Dalton was negligent because it did not provide or communicate a location and method for delivery which was reasonably safe for his vehicle. However, as Santore concedes in his Complaint, Dalton did (and does), in fact, provide a driveway for deliveries. Santore does not allege that Dalton failed to keep its driveway in a reasonably safe condition. Nor does Santore allege that there is any history of delivery vehicles experiencing difficulties accessing the driveway or that Dalton was aware of a possible delivery access problem and despite such awareness, failed to provide and communicate a reasonably safe location for deliveries.

As stated above, Santore alleges only that Dalton had a duty to inform him of, and provide him with, a reasonably safe location that would accommodate his truck. However, Santore does not allege, nor could he allege, that prior to the date of the incident Dalton was aware or should have been aware that Santore's delivery truck would not be able to access the driveway, which then may have created a need for an alternative delivery location. Indeed, Santore's injuries arose from a set of circumstances that for all that appears were both isolated and unprecedented.

Based on the foregoing, it would be wholly unreasonable for this Court to conclude that it was reasonably foreseeable (a) that Santore would not be able to access Dalton's driveway with his truck; (b) that therefore Santore would park on the street with an attendant increase in risk; (c) that Coons would collide with Santore at the exact time Santore unloaded his truck; and (d) that, therefore, Dalton had an affirmative duty to provide and communicate an alternative delivery location <u>prior to</u> any of the these events. See Eipp, 154 F.Supp.2d at 116 ("A cause of action in negligence requires the breach of a duty which is the proximate cause of a plaintiff's injury.") Such a conclusion would be temporally illogical and an inappropriate expansion of Massachusetts law.

Furthermore, Dalton had no duty to warn Santore of the dangers created by his decision to park his truck on the roadside. See Polak, 21 Mass.App.Ct. at 353-54, 487 N.E.2d at 216. The lawsuit in Polak arose out of a graduation party during which the plaintiff's decedent had parked his car on the roadside, adjacent to the property of the defendant who was hosting the party. The decedent was sleeping in his car when it was struck by the vehicle of a stranger who was traveling on the roadway. The collision killed the decedent and, as a result, his estate sued the defendant property owner/social host on a negligence theory, alleging that the defendant breached her duty of care to the decedent by failing to warn him of the dangers of parking his vehicle on the side of the road.

After the jury found the defendant liable, the defendant moved for judgment notwithstanding the verdict, arguing that she owed no duty to warn invitees of the dangers of parking along the roadside. The trial court allowed the defendant's motion, which was appealed to the Massachusetts Appeals Court. In affirming the decision of the trial court, the Appeals Court reasoned that:

6

> A person who is a licensed driver entrusted with a vehicle . . . should be aware that some drivers operate carelessly and dangerously and that a collision between a car driven carelessly and a car parked on the shoulder is a possibility. . . If a risk is of such a nature that it would be obvious to persons of average intelligence, there is, ordinarily, no duty on the part of the property owner to warn of the risk . . . [W]hatever danger was created by the parking of cars adjacent to the highway ought to have been so obvious to the ordinary person that [defendant property owner], in the exercise of reasonable care, was not required to warn her guests of that danger.

Polak, 21 Mass.App.Ct. at 353, 487 N.E.2d 213, 216.

Santore is a professional delivery driver working for a major commercial delivery company, and therefore was aware or should have been aware of the open and obvious danger of parking his truck on the side of the road. In these circumstances, "[i]t would be unduly stretching negligence concepts to say that [Dalton], as owner of the property, ought to have anticipated that [Santore] would suffer personal injuries if it did not give an effective warning not to park along the road." Id. at 353-54.

Based on the foregoing, Santore has failed to show that Dalton breached its duty of reasonable care or that any such alleged breach of duty owed by Dalton proximately caused his injuries. Because it is "beyond doubt that [Santore] can prove no set of facts which would entitle him to relief" on his negligence claim against Dalton, see Wehringer, 874 F.Supp. at 427, the Court should allow Dalton's motion to dismiss for failure to state a claim upon which relief can be granted.

### Conclusion

Defendant Dalton Health Group, LLC respectfully requests that the Court dismiss the Complaint of Steven J. Santore, Sr. with prejudice for failure to state a claim upon which relief can be granted.

Respectfully Submitted,

DALTON HEALTH GROUP, LLC,

By its attorneys,

*Michael Bernardo*

Thomas E. Peisch BBO# 393260
Michael R. Bernardo BBO#648310
Conn Kavanaugh Rosenthal Peisch & Ford, LLP
Ten Post Office Square
Boston, MA 02109
(617) 482-8200

DATED: December 1, 2003

## CERTIFICATE OF SERVICE

I, Michael R. Bernardo, hereby certify that on this date I served a copy of the foregoing document on all parties by mailing a copy thereof, postage prepaid, to:

Mitchell I. Greenwald, Esq.
29 Wendell Avenue
Pittsfield, MA 01201

Dennis R. Anti, Esq.
1500 Main Street
Suite 2400
Springfield, MA 01115

Dated: December 1, 2003

Michael R. Bernardo, Esq.

188906.1