UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 03-CV-30288-KPN

STEVEN J. SANTORE, SR., )
    Plaintiff )
 )
v. )
 )
STEVEN V. COONS, and DALTON )
HEALTH GROUP, LLC. )
    Defendants )

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO MOTION OF DEFENDANT DALTON HEALTH GROUP TO DISMISS**

Defendant Dalton Health Group, LLC ("Dalton") has moved to dismiss for failure to state a claim. "A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief". *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). In this case, it is clear that dismissal is not appropriate.

I.    **FACTS WHICH PLAINTIFF COULD PROVE**

The facts alleged in plaintiff's complaint, together with facts that could be presented in support thereof, would comprise at least the following.

Plaintiff, a delivery driver for Roadway Express, a commercial freight service, was assigned to make a delivery at Dalton's facility in Dalton, MA. The facility is on State Rt. 9, a fairly busy highway. Plaintiff was a relief driver on this route, and had not previously had occasion to make a delivery at Dalton, and was not familiar with the facility. He was operating a small semi-trailer. Although a party ordering a shipment can give special instructions when placing an order that requires a delivery, including requesting a straight

truck or specifying the route to the unloading dock, Dalton had given no such instructions in this case.

Dalton's facility, a nursing home, has a well-marked driveway obviously intended for the use of the public. This driveway was not physically accessible to plaintiff's truck, nor would it have been accessible to a large variety of delivery vehicles. Evidently Dalton had another driveway, unmarked and not in any way known to plaintiff, which was the preferred route for deliveries. Because the location of this driveway was not clearly marked, either as a delivery entrance or otherwise, plaintiff did not know about it, and could not, through the exercise of reasonable diligence, have found out.

Accordingly, because plaintiff could not use the obvious driveway and had not been informed about the other one, he was forced to unload from the street. As there was no parking lane, he was required to stop in the traffic lane for this purpose. In the process of unloading, he was hit by the Coons vehicle and severely injured. Had plaintiff been advised of the existence of the alternate driveway which was preferred for unloading, he would not have been subjected to street risk and would not have been injured.

## II. THESE FACTS ARE LEGALLY SUFFICIENT TO WITHSTAND A MOTION TO DISMISS

The basis for the present Motion is the claim by Dalton that it violated no legal duty. Dalton admits, however, that it had a common law duty of care to all lawful visitors, and that this duty included the duty to maintain its premises in a reasonably safe condition and to warn visitors of any unreasonable dangers of which the it was or should reasonably have been

aware. It also recognizes that the duty of care relates to reasonably foreseeable risks.

A duty did exist, because Dalton knew or should have known that:

1. The marked driveway was not suitable for truck deliveries.

2. The secondary driveway was not marked well enough, if at all, for a driver unfamiliar with the premises to know that it was available for use.

The unsuitability of the marked driveway and the relative obscurity of the secondary driveway were an unreasonable danger for a commercial establishment, such as a nursing home, which received frequent deliveries. Dalton's failure to provide a reasonably accessible and/or ascertainable location for deliveries created an unreasonable danger for the driver who was then required to park in the traffic lane of a busy street to execute his delivery.

Dalton could easily have spared Santore the risk that it created for him by warning him or otherwise apprising him of the situation. Had it simply marked the alternative driveway clearly as the location for commercial deliveries, and/or given shipping instructions which either required the use of a straight truck (which would have made the use of the marked driveway more possible) or required the use of the secondary driveway and given directions to it, the plaintiff Santore would not have been required to park in the street. The failure to do this was a breach of the duty to warn.

Finally, although Dalton stresses that it had no duty to anticipate that Santore's vehicle would be struck by the Coons vehicle at the precise time that it was struck, this is a red herring. What is clearly foreseeable is the general increased hazard of having to park a vehicle on a traveled way. In this connection, it has been held that it is reasonably foreseeable that a truck parked on a bridge at night, without lights, might be struck by a negligently driven car.

*Leveillee v. Wright*, 300 Mass. 382, 15 N.E.2d 247 (1958)[1]

## CONCLUSION

For the above reasons, the Motion to Dismiss should be denied. The range of facts that plaintiff could develop in support of his claim is too broad and pervasive to foreclose his claim at this stage.

_____
Mitchell I. Greenwald
Attorney for Plaintiff
Katz, Murphy & Greenwald
29 Wendell Avenue
Pittsfield, MA 01201
(413) 443-5957
BBO# 542032

## CERTIFICATE OF SERVICE

I, MITCHELL I. GREENWALD, hereby certify that on December 29, 2003, I served this Plaintiff's Memorandum in Opposition to Motion of Defendant Dalton Health Group to Dismiss on the defendants in this action by mailing a copy hereof, postage prepaid, to their attorneys, Michael R. Bernardo, Esquire, Conn Kavanaugh Rosenthal Peisch & Ford, LLP, Ten Post Office Square, Boston, MA 02109, and John C. Flahive, Esquire, Morrison, Mahoney & Miller, LLP, 1500 Main Street, Springfield, MA 01115

_____
Mitchell I. Greenwald

MIG:ob:L:\LIT\SANTORE\memoppmotdismiss.wpd

---

[1] Plaintiff does not argue that defendant was required to warn plaintiff about the increased hazard of parking in the street. This risk, however, should have been obvious to defendant as well as to plaintiff.