UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

STEVEN J. SANTORE, SR. )
    Plaintiff )
v. )
                           ) C.A. NO. 03-CV-30288-MAP
STEVEN V. COONS and )
DALTON HEALTH GROUP, LLC )
    Defendants )

## DEFENDANT'S ANSWER AND JURY CLAIM

Defendant Dalton Health Group, LLC ("Dalton") responds to the Complaint as follows:

1. This paragraph merely purports to describe this litigation and makes no allegations of fact or law against Dalton. To the extent any such claims are made, Dalton denies same.

2. Dalton is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2 and therefore denies same.

3. Dalton is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3 and therefore denies same.

4. Dalton admits the allegations of paragraph 4.

5. Dalton denies that plaintiff was in the exercise of due care. Dalton is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 5 and therefore denies same.

6. Dalton is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6 and therefore denies same.

7. Dalton denies the allegations of paragraph 7.

8. Dalton is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 and therefore denies same.

9. Dalton denies the allegations of paragraph 9.

WHEREFORE, Dalton demands that the Complaint be dismissed and that it be awarded its costs of defense, including attorneys' fees.

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim on which relief against Dalton may be granted.

### SECOND AFFIRMATIVE DEFENSE

The Complaint is barred by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

The injuries complained of were caused by a person or persons for whom Dalton is not legally responsible.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovery by virtue of his own negligence.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's recovery, if any, must be reduced by the extent of his own negligence.

### SIXTH AFFIRMATIVE DEFENSE

Dalton is entitled to charitable immunity to the fullest extent authorized by Massachusetts law.

### SEVENTH AFFIRMATIVE DEFENSE

Dalton breached no legal duty to plaintiff; therefore, plaintiff may not recover.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovery, because his alleged damages are insufficient under Massachusetts motor vehicle tort law.

DALTON HEALTH GROUP, LLC

By its attorneys,

*/s/ Michael Bernardo*

Thomas E. Peisch (BBO# 393260)
Michael R. Bernardo (BBO# 648310)
CONN KAVANAUGH ROSENTHAL
 PEISCH & FORD, LLP
Ten Post Office Square
Boston, MA 02109
(617) 482-8200

Dated: March 1, 2004

## JURY CLAIM

Defendant Dalton Health Group, LLC demands a trial by jury on all issues so triable.

## CERTIFICATE OF SERVICE

     I, Michael R. Bernardo, hereby certify that on this date I served a copy of the foregoing document on all parties by mailing a copy thereof, postage prepaid, to:

Mitchell I. Greenwald, Esq.
29 Wendell Avenue
Pittsfield, MA 01201

John C. Flahive, Esq.
1500 Main Street
Suite 2400
Springfield, MA 01115

Dated: March 1, 2004

                                                  Michael R. Bernardo, Esq.

195131.1